United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-60233
Summary Calendar

ALFREDO REVILLA-MORENO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

-------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 017 305
-------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges:

PER CURIAM:[*]

Alfredo Revilla-Moreno has filed a petition for review challenging a removal order issued by

the Board of Immigration Appeals (BIA) on February 16, 2006. This court reviews the BIA's rulings

of law de novo and the BIA's denial of a motion to reopen for abuse of discretion. *Lopez-Gomez v.*

*Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Revilla-Moreno argues that the 2006 removal order is erroneous because his 1999 removal order is invalid in light of this court's subsequent decision in *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001). Because Revilla-Moreno's 1999 removal order had been legally executed at the time *Chapa-Garza* was decided, *Chapa-Garza* does not apply to the 1999 removal order retroactively. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675 (5th Cir. 2003); *see also Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1172 (9th Cir. 2001).

Revilla-Moreno argues that the BIA erred in concluding that it was without jurisdiction to reopen the prior removal proceedings. Revilla-Moreno cannot show a gross miscarriage of justice because he failed to file a petition for review in this court following the BIA's decision in 1999. *See Ramirez-Molina v. Ziglar*, 436 F.3d 508, 515 (5th Cir. 2006). As in that case, there is no miscarriage of justice because, if Revilla-Moreno had petitioned this court for review, "he could have attained the result that was ultimately achieved by the petitioner in *Chapa-Garza*." *Id*.

Revilla-Moreno's petition for review is DENIED.